UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **BRADLEY BENNETT**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**CARMAX AUTO SUPERSTORES, INC.**,<br>a Virginia corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No.  2:25-cv-940<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, BRADLEY BENNETT ("BENNETT" or "Plaintiff") by and through undersigned counsel, and states the following for his Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the Family & Medical Leave Act (FMLA), Americans with Disabilities Act (ADA) and Florida Civil Rights Act (FCRA) for (1) interference in violation of the FMLA, (2) retaliation in violation of the FMLA, (3) disability discrimination in violation of the ADA, (4) disability discrimination in violation of the FCRA, (5) retaliation in violation of the ADA, and (6) retaliation in violation of the FCRA.

1

## PARTIES

2. The Plaintiff, BRADLEY BENNETT ("BENNETT") is an individual and a resident of Florida who at all material times resided in Lee County, Florida. At all material times, BENNETT performed work remotely from Florida for the Defendant during the events giving rise to this case. BENNETT was an employee within the contemplation of the FMLA, ADA, and FCRA. Venue for this action lies in the Middle District of Florida, Fort Myers Division.

3. The Defendant, CARMAX AUTO SUPERSTORES, INC. ("Defendant") is a Virginia corporation with a principal place of business in Richmond, Virginia, and conducts substantial business in Florida. Defendant was BENNETT's employer within the meaning of the FMLA, ADA, and FCRA as it employs in excess of 50 employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331 and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked remotely from, and resided in, Lee County, Florida, which is within the Middle District of Florida. Venue is

proper in the Fort Myers Division under Local Rule 1.04 since the Plaintiff resided in Lee County, which is within the Fort Myers Division.

6.     BENNETT received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on August 18, 2025 and the instant Complaint is filed within the time frame required under the law. A true and accurate copy of the Notice of Right to Sue is attached as Exhibit 1.

## **GENERAL ALLEGATIONS**

7.     BENNETT began his employment with the Defendant on or about July 15, 2018, and was last employed as a Customer Experience Consultant working remotely.

8.     BENNETT performed his assigned duties in a professional manner and was very well qualified for his position.

9.     In fact, BENNETT consistently received effective to highly effective performance reviews from the Defendant and was recognized as a top performer. Performance metrics from August 2024 demonstrate BENNETT achieved "Exceptional" ratings in multiple categories, including being recognized as "Top 10%" for his performance.

10.    BENNETT is a qualified person with a disability and thus a member of a protected class, as he suffers from hyponatremia (low sodium levels) and a chronic skin disorder known as Grover Disease.

11.   BENNETT's impairments impact his ability to perform major life activities, such as thinking and working when not in remission.

12.   BENNETT has a history of these impairments that limit major bodily functions and several major life activities. BENNETT's impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

13.   On or about September 3, 2024, BENNETT requested brief leave as a reasonable accommodation and intermittent FMLA leave due to his chronic skin condition (Grover Disease), requiring therapy three times per week.

14.   On September 18, 2024, BENNETT attended a virtual meeting with two managers (Karen Kaup and Harrison Bradlow) where they discussed alleged performance issues related to his call handling techniques. During this meeting, BENNETT was told this matter was being referred to Human Resources as a possible violation and was assured by both managers that the matter would be resolved within 48 hours.

15.   When BENNETT inquired about the status 48 hours later as instructed, management was evasive and never provided a resolution.

16.   On September 24, 2024, BENNETT was diagnosed with hyponatremia and required full-time medical leave (regular FMLA) which was approved through November 8, 2024.

17. BENNETT returned to full-time work on November 8, 2024, with his FMLA continuing intermittently so he could attend therapy three times per week.

18. Upon his return to work, BENNETT received a call from his manager Karen Kaup questioning why he made a follow-up call to a customer, which was contrary to his established job duties and performance expectations.

19. Kaup then advised BENNETT that his job duties had changed and he was no longer allowed to make follow-up phone calls, texts, or emails to customers, which was contrary to CarMax's stated policy and essential job functions for Customer Experience Consultants.

20. On November 14, 2024, just six days after his return from medical leave, BENNETT received a positive performance review and merit-based pay increase, with his manager noting he was in the top 10% of performers for 6 of the last 7 months.

21. On November 26, 2024, less than two weeks after receiving a raise and positive review, the Defendant terminated BENNETT's employment, allegedly for conduct that occurred over two months earlier on September 18, 2024.

22. At all material times, the Defendant was aware of BENNETT's disabilities and his protected activities under the FMLA, and consequently his

5

protected classes, which are the bases for its discriminatory employment practices toward him.

## COUNT I - VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

23. The Plaintiff hereby incorporates by reference Paragraphs 1-5 and 7-22 in this Count by reference as though fully set forth below.

24. BENNETT qualified for FMLA leave since he suffered from serious health conditions including hyponatremia and Grover Disease, had worked for more than 1,250 hours in the previous 12 months, and the FMLA defines a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

25. BENNETT informed the Defendant of his need for intermittent leave due to his serious health conditions on September 3, 2024.

26. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination.

27. The Defendant approved BENNETT's FMLA leave from September 24, 2024 through November 8, 2024, and continued intermittent leave thereafter.

28. BENNETT engaged in activity protected by the FMLA when he requested intermittent leave due to his serious health conditions on September 3, 2024, and took approved medical leave from September 24 through November 8, 2024.

29. The Defendant knew that BENNETT was exercising his rights under the FMLA and was aware of BENNETT's need for FMLA-protected absence.

30. BENNETT complied with all of the notice and due diligence requirements of the FMLA.

31. The Defendant failed to allow BENNETT to continue taking intermittent FMLA leave and terminated his employment in violation of 29 U.S.C. § 2614(a)(1) and 29 CFR § 825.215(a).

32. A causal connection exists between BENNETT's request for and taking of FMLA-protected leave and his termination from employment with the Defendant.

33. The suspicious timing of BENNETT's termination—less than three weeks after returning from FMLA leave and less than two weeks after receiving a positive performance review and raise—demonstrates the Defendant's retaliatory motive.

34. As a result of the above-described violations of FMLA, BENNETT has been damaged by the Defendant in the nature of lost wages, salary,

employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

### COUNT II - VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- RETALIATION

35. The Plaintiff hereby incorporates by reference Paragraphs 1-5 and 7-22 in this Count by reference as though fully set forth below.

36. BENNETT qualified for FMLA leave since he suffered from serious health conditions, had worked more than 1,250 hours in the preceding 12 months of employment with the Defendant, and the FMLA defines a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

37. BENNETT informed the Defendant of his need for intermittent leave due to his serious health conditions and took approved FMLA leave.

38. BENNETT engaged in activity protected by the FMLA when he requested and took intermittent leave due to his serious health conditions.

39. The Defendant knew that BENNETT was exercising his rights under the FMLA.

40. BENNETT complied with all of the notice and due diligence requirements of the FMLA.

41. A causal connection exists between BENNETT's request for and taking of FMLA-protected leave and the Defendant's termination of his employment.

42. The Defendant retaliated by terminating BENNETT's employment because he engaged in the statutorily protected activity of requesting and taking FMLA leave. The timing of the termination—occurring shortly after his return from FMLA leave despite receiving positive performance reviews—demonstrates retaliatory intent.

43. The Defendant's stated reason for termination lacks credibility given the exceptional performance metrics BENNETT achieved and the positive performance review he received just days before his termination.

44. As a result of the above-described violations of FMLA, BENNETT has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to

recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT III - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

45. Plaintiff incorporates by reference Paragraphs 1-5 and 7-22 of this Complaint as though fully set forth below.

46. At all relevant times, BENNETT was an individual with disabilities within the meaning of the ADA, suffering from hyponatremia and Grover Disease.

47. BENNETT's impairments substantially limit one or more major life activities and bodily functions.

48. BENNETT is a qualified individual as that term is defined in the ADA, capable of performing the essential functions of his position with or without reasonable accommodation.

49. At all material times, BENNETT was an employee, and the Defendant was his employer covered by and within the meaning of the ADA.

50. BENNETT's disabilities qualify under the ADA.

51. Defendant discriminated against BENNETT with respect to the terms, conditions, and privileges of employment because of his disabilities.

52. The Defendant's decision to terminate BENNETT was causally connected to his disabilities and requests for reasonable accommodations, as evidenced by the timing of his termination following his requests for accommodation and FMLA leave.

53. Defendant conducted itself with malice or with reckless indifference to BENNETT's federally protected rights.

54. The conduct of Defendant altered the terms and conditions of BENNETT's employment and BENNETT suffered negative employment action in the form of termination.

55. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, BENNETT has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

56. As a direct and proximate result of the Defendant's actions, BENNETT has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and

fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

57. BENNETT has exhausted his administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

**COUNT IV - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION**

58. Plaintiff incorporates by reference Paragraphs 1-5 and 7-22 of this Complaint as though fully set forth below.

59. At all relevant times, BENNETT was an individual with disabilities within the meaning of the FCRA, suffering from hyponatremia and Grover Disease.

60. BENNETT's impairments substantially limit one or more major life activities and bodily functions.

61. BENNETT is a qualified individual as that term is defined in the FCRA.

62. At all material times, BENNETT was an employee, and the Defendant was his employer covered by and within the meaning of the FCRA.

63. BENNETT's disabilities qualify under the FCRA.

64. Defendant discriminated against BENNETT with respect to the terms, conditions, and privileges of employment because of his disabilities.

65. Defendant conducted itself with malice or with reckless indifference to BENNETT's protected rights under Florida law.

66. The conduct of the Defendant altered the terms and conditions of BENNETT's employment and BENNETT suffered negative employment action in the form of termination.

67. As a direct and proximate result of the violations of the FCRA, BENNETT has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

68. As a direct and proximate result of the Defendant's actions, BENNETT has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

69. BENNETT has exhausted his administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

    i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

    ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

    iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    iv. Reasonable attorney's fees plus costs;

    v.    Punitive damages;

    vi.    Compensatory damages, and;

    vii.    Such other relief as this Court shall deem appropriate.

## COUNT V - VIOLATION OF THE ADA- RETALIATION

70. Plaintiff incorporates by reference Paragraphs 1-5 and 7-22 of this Complaint as though fully set forth below.

71. Following BENNETT's request for reasonable accommodations and FMLA leave due to his disabilities, Defendant retaliated by altering the terms and conditions of his employment and ultimately terminating him.

72. Said protected activity was the proximate cause of Defendant's negative employment actions against BENNETT, including changed working conditions and termination.

73. The timing of BENNETT's termination—occurring shortly after his return from disability-related leave and despite receiving positive performance evaluations—demonstrates retaliatory intent.

74. Instead of providing reasonable accommodations, Defendant retaliated against BENNETT via termination.

75. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the ADA.

76. As a direct and proximate result of the violations of the ADA, BENNETT has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

77. As a direct and proximate result of the Defendant's actions, BENNETT has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

78. BENNETT has exhausted his administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

　　i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

　　ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

　　iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

　　iv. Reasonable attorney's fees plus costs;

    v.    Punitive damages;

    vi.    Compensatory damages, and;

    vii.    Such other relief as this Court shall deem appropriate.

## COUNT VI - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- RETALIATION

79. Plaintiff incorporates by reference Paragraphs 1-5 and 7-22 of this Complaint as though fully set forth below.

80. Following BENNETT's request for reasonable accommodations and FMLA leave due to his disabilities, Defendant retaliated by altering the terms and conditions of his employment and ultimately terminating him.

81. Said protected activity was the proximate cause of Defendant's negative employment actions against BENNETT, including changed working conditions and termination.

82. Instead of providing reasonable accommodations, Defendant retaliated against BENNETT via termination.

83. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

84. As a direct and proximate result of the violations of the FCRA, BENNETT has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

85. As a direct and proximate result of the Defendant's actions, BENNETT has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

86. BENNETT has exhausted his administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

 i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

 ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

 iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

 iv. Reasonable attorney's fees plus costs;

 v. Punitive damages;

 vi. Compensatory damages, and;

 vii. Such other relief as this Court shall deem appropriate.

## **DEMAND FOR JURY TRIAL**

Demand is hereby made for a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: October 17, 2025    **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com